UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


GEORGE MICHAEL JENKINS,

                    Plaintiff,

v.                                    Case No. 3:14-cv-1503-J-39MCR

KENNETH S. TUCKER, et al.,

                    Defendants.

_____


### ORDER REQUIRING PLAINTIFF TO AMEND

Plaintiff, proceeding pro se, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983.  Because Plaintiff has failed to set forth his claim adequately, he will be required to file an amended complaint.

Plaintiff names Kenneth S. Tucker (a former Secretary of the Florida Department of Corrections), Warden Langem, Michael Humphrey, Sergeant John Doe #1, and Sergeant John Doe #2 as the Defendants in the action.  In amending, Plaintiff must name as Defendants only those persons who are responsible for the alleged

constitutional violations.  Plaintiff must place their full names in the style of the case on the first page of the civil rights complaint form and in Section V(C)-(G) of the civil rights complaint form.

In the section entitled "Statement of Claim," Plaintiff must state what rights under the Constitution, laws, or treaties of the United States have been violated.  It is improper for Plaintiff to merely list constitutional rights or federal rights.  Plaintiff must provide support in the statement of facts for the claimed violations.

Further, in the body of the complaint in the section entitled "Statement of Facts," Plaintiff should clearly describe <u>how</u> <u>each</u> <u>named</u> <u>Defendant</u> is involved in the alleged constitutional violation(s).  Plaintiff must provide support in the statement of facts for the claimed violations.  Plaintiff should note that in civil rights cases, more than conclusory and vague allegations are required to state a cause of action under 42 U.S.C § 1983.  <u>Fullman v. Graddick</u>, 739 F.2d 553, 556-57 (11th Cir. 1984).

Plaintiff should be aware that <u>respondeat</u> <u>superior</u> has clearly been rejected as a theory of recovery under section 1983.  <u>Polk County v. Dodson</u>, 454 U.S. 312, 325 (1981).  "'It is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious

2

liability.' <u>Hartley v. Parnell</u>, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); <u>Gonzalez</u>, 325 F.3d at ----, 2003 WL 1481583, at *4 (concluding supervisory officials are not liable on the basis of respondeat superior or vicarious liability)." <u>Cottone v. Jenne</u>, 326 F.3d 1352, 1360 (11th Cir. 2003).

Although personal participation is not specifically required for liability under section 1983, there must be some causal connection between the Defendant named and the injury allegedly sustained. <u>Id</u>.; <u>Rivas v. Freeman</u>, 940 F.2d 1491, 1495 (11th Cir. 1991); <u>Zatler v. Wainwright</u>, 802 F.2d 397, 401 (11th Cir. 1986) (per curiam). One cannot be held liable for the actions and/or omissions of others, but can only be held responsible if he participated in the deprivation of Plaintiff's constitutional rights or directed such action and/or omission that resulted in such deprivation. Finally, Plaintiff must show how he has been damaged (how he was harmed or injured by the actions and/or omissions of each Defendant).

To amend his complaint, Plaintiff should completely fill out a new civil rights complaint form, marking it **"Amended Complaint."** The amended complaint must include all of Plaintiff's claims in this action; it should not refer back to the original complaint. After completing the new form, Plaintiff should mail it to the Court with a <u>copy</u> <u>for</u> <u>each</u> <u>Defendant</u>.

Plaintiff shall file his amended complaint as described above within **THIRTY (30) DAYS** from the date of this order.  Plaintiff's failure to file the amended complaint will result in the <u>dismissal</u> of this action for Plaintiff's failure to prosecute under Local Rule 3.10(a).

**DONE AND ORDERED** at Jacksonville, Florida, this 6th day of May, 2015.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

sa 5/5
c:
George Michael Jenkins

4